# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

IN RE:                                              )
                                                    )
Matthew Charles Mazzarella,                         )        10-81189
                                                    )
           Debtor.                                  )
_____)

## ORDER AND OPINION DENYING
## CONFIRMATION OF PLAN

THIS MATTER came before the court on October 7, 2010, after due and proper notice, for a hearing on the Debtor's proposed Chapter 13 plan. The Debtor appeared at the hearing along with his attorney, Koury Hicks, Benjamin Lovell appeared on behalf of the Chapter 13 Trustee. Having considered the proposed plan, the evidence offered at the hearing, and other matters of record, the court makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure:

## BACKGROUND FACTS

The Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on July 8, 2010 (the "Petition Date"). The Debtor is a Master Sergeant with the United States Army and has been in the Army for 20 years. The Debtor is separated from his spouse and has two dependent children, a daughter age 11 and a son age 14. According to his B22C, the Debtor has above-median income in the amount of $6,659.18 per month and disposable income of negative $474.56 per month.

On his Schedule A, the Debtor listed interests in five parcels of real property. First, the Debtor listed a timeshare at the Calypso Cay Resort in Kissimee, Florida. The current value of the Debtor's interest in the property is listed at $0.00 and the property is listed as subject to a

secured claim in the amount of $598.88. Second, the Debtor listed a timeshare at the Westgate Smoky Mountain Resort in Gatlinburg, Tennessee. The current value of the Debtor's interest in the property is listed at $0.00 and the property is listed as subject to a secured claim in the amount of $12,287.81. Third, the Debtor listed a timeshare at the Plantation Resort in Surfside Beach, South Carolina. The current value of the Debtor's interest in the property is listed at $0.00 and the property is listed as subject to a secured claim in the amount of $3,594.41. The Debtor stated that this property is to be surrendered. Fourth, the Debtor listed a one-half interest in 21.64 acres of land in New Bern, North Carolina. The current value of the Debtor's interest in the property is listed at $145,000.00 and the property is listed as subject to a secured claim in the amount of $135,149.00. Fifth, the Debtor listed his residence, a mobile home and land located in Raeford, North Carolina. The current value of the Debtor's interest in the property is listed at $90,000.00 and the property is listed as subject to a secured claim in the amount of $69,880.90. The Debtor listed only an equitable interest in this property and the Deed of Trust is not in the Debtor's name.

In addition, on Schedule B, the Debtor listed four automobiles as personal property. First, a 2008 Nissan Titan pickup truck. According to the petition, the vehicle has a value of $25,375.00 and is subject to a claim in the amount of $31,957.72. The Debtor uses this vehicle primarily to take the trash to the dump because curbside pickup is not available at his residence. Second, a 2008 Nissan Versa S Hatchback. According to the petition, the vehicle has a value of $11,775.00 and is subject to a claim in the amount of $13,798.75. The Debtor's wife, with whom the Debtor is separated, drives this vehicle. Third, a 2004 Isuzu Rodeo. According to the petition, the vehicle has a value of $6,950.00 and is subject to a secured claim in the amount of $6,104.18. The Debtor proposes to hold this vehicle until his minor child is 16. Finally, the Debtor listed a

1993 Ford Ranger Supercab, which is not subject to any claims by creditors.

On September 1, 2010, the Debtor filed a notice of proposed Chapter 13 plan providing for monthly payments to the Chapter 13 Trustee in the amount of $1,168.00 for 60 months. The Debtor's plan provides for the payment of his priority debt in full and a 0% dividend to general unsecured creditors. The Debtor's plan also proposes to retain his one-half interest in the 21.64 acres of land in New Bern, the timeshare at the Calypso Cay Resort in Florida, and the timeshare at the Westgate Smoky Mountain Resort in Tennessee. The regular payments on all these properties is listed as "unknown." However, on his Schedule J, the Debtor indicates that he pays $47.83 per month for the timeshare at the Calypso Cay Resort and $260.00 per month for the timeshare at the Westgate Smoky Mountain Resort. Furthermore, the Debtor proposes to retain all three vehicles that are subject to secured claims. The plan proposes monthly payments of $232.28 for the Nissan Versa, $630.41 for the Nissan Titan, and $120.43 for the Isuzu Rodeo.

## DISCUSSION

Section 1325 sets forth the requirements for confirmation of a Chapter 13 plan, with the requirements listed in subsection (a) being applicable in all instances and those in subsection (b) being applicable only if the trustee or the holder of an allowed unsecured claim objects to confirmation. 11 U.S.C. § 1325. Pursuant to § 1325(a)(3), a plan must be proposed in good faith and not by any means forbidden by law. The Fourth Circuit employs a totality of the circumstances analysis when determining whether a plan has been proposed in good faith focusing on factors including the percentage of the proposed dividend to unsecured creditors, the debtor's financial situation, the period of time over which creditors will be paid, the debtor's employment history and prospects, the nature and amount of unsecured claims, the debtor's previous bankruptcy filings, the debtor's honesty in representing the facts of the case, the nature

of the debtor's pre-petition conduct that gave rise to the debts, whether the debts would be dischargeable in a Chapter 7 proceeding, and any unusual or exceptional problems facing the particular debtor. *Neufeld v. Freeman,* 794 F.2d 149, 152 (4th Cir.1986) (citing *Deans v. O'Donnell,* 692 F.2d 968, 972 (4th Cir.1982)). The burden of proving that a plan has been proposed in good faith rests with the debtor. *In re Uzaldin*, 418 B.R. 166, 174 (Bankr. E.D. Va. 2009).

In the present case, the percentage of the proposed dividend to unsecured creditors, the Debtor's financial situation, and the nature of the Debtor's prepetition conduct that gave rise to the debts lead the court to conclude that the Debtor has not met his burden to prove that his plan was proposed in good faith. The Debtor is proposing to pay a 0% dividend to unsecured creditors while retaining two timeshares and three vehicles that are subject to secured claims. The Debtor's retention of the 2008 Nissan Titan for the purpose of taking his household trash to the dump is an unnecessary luxury. In addition, when questioned about the retention of the two timeshares while paying a 0% dividend to unsecured creditors, the Debtor indicated that he had no reservations regarding the proposed plan. In total, the Debtor spends $938.24 per month on the Nissan Titan and the two timeshares. The retention of the unnecessary vehicle and the two timeshares, accompanied by the Debtor's indifference to paying any dividend to unsecured creditors, is evidence of his lack of good faith.

After consideration of the totality of the circumstances, the court concludes that confirmation of the Debtor's proposed plan must be DENIED.

SO ORDERED.

# SERVICE LIST

Matthew Charles Mazzarella
Debtor

Edward C. Boltz
Koury Hicks
Attorneys for Debtor

Richard M. Hutson, II
Trustee